IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DEBORAH MAE TODD-SMITH                                                            PLAINTIFF

V.                                             NO. 11-2029

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                         DEFENDANT

**O R D E R**

Plaintiff, Deborah Mae Todd-Smith, appealed the Commissioner's denial of benefits to this Court. On March 6, 2012, a Judgment was entered affirming the decision of the Commissioner. (Doc. 14). An appeal was taken to the Eighth Circuit Court of Appeals, which reversed and remanded the matter to the district court for proceedings consistent with its opinion. (Tr. 19). Pursuant to the reversal, a Judgment was entered on February 25, 2013, remanding this case to the Commissioner for further proceedings. (Doc. 21). Plaintiff now moves for an award of $8,675.10 in fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 47.40 attorney hours of work performed before this Court and the Eighth Circuit Court of Appeals in 2011, 2012, and 2013, at an hourly rate of $174.00, and 5.70 paralegal hours of work performed before this Court and the Eighth Circuit Court of Appeals in 2011, 2012, and 2013, at an hourly rate of $75.00. Defendant has filed a response, stating that she does not oppose Plaintiff's request for an EAJA award in the total amount of $8,675.10, but does object to awarding attorney fees directly to Plaintiff's counsel.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was

-1-

substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. <u>Jackson v. Bowen</u>, 807 F.2d 127, 128 (8th Cir. 1986). Under <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. <u>Pierce v. Underwood</u>, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. <u>Clements v. Astrue</u>, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); <u>see</u> <u>also</u> <u>Decker v. Sullivan</u>, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting

AO72A
(Rev. 8/82)

statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $174.00 for 47.40 attorney hours and 5.70 paralegal hours in 2011, 2012, and 2013, which he asserts were devoted to the representation of Plaintiff in this Court and the Eighth Circuit Court of Appeals. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437. Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under §2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). In this case, although Plaintiff's counsel failed to attach a copy of the CPI in support of his requested hourly rate, the Court notes that General Order No. 39 provides that the CPI - South index for December of the preceding year shall constitute the maximum hourly rate of EAJA fees which may be awarded for the following year.[1] Thus, based upon the above factors, the Court finds that an appropriate

---

[1] Per Amended General Order 39, the allowable rate for each year is as follows, and for simplicity sake, the figure is rounded to the nearest dollar:
2011 - 212.488 x 125 divided by 152.4 (March 1996 CPI-South)= $174.28/hour - $174.00
2012 - 219.469 x 125 divided by 152.4 (March 1996 CPI-South)= $180.01 hour - $180.00
2013 - 223.109 x 125 divided by 152.4 (March 1996 CPI -South)=$182.99/hour-$183.00

AO72A (Rev. 8/82)

hourly rate for the attorney work performed in the years 2011, 2012, and 2013 is $174.00.

The Court next addresses the number of hours Plaintiff's counsel claims he and his paralegal spent working on this case.

With respect to the 25.5 hours Plaintiff's counsel claims he spent on matters before the Eighth Circuit Court of Appeals, an application for appellate fees under EAJA should always be presented to the court of appeals. McCarthy v. Bowen, 824 F.2d 182, 183 (2nd Cir. 1987); see Fraction v. Bowen, 859 F.2d 574 (8th Cir. 1988); Douglas v. Astrue, No. 06-2152, 2009 WL 3823837 (W.D. Ark. Nov. 13, 2009). Accordingly, the Court will deduct 25.5 hours from the total number of compensable hours.

With respect to the following entries, the Court finds that these tasks are clerical in nature and cannot be compensated under the EAJA. Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA).

| | | |
|---|---|---|
| 2/23/11 | Attorney receipt and review of signed service of SSA Commissioner received from U.S. Postal Service | .10 |
| 3/10/11 | Attorney receipt and review of signed service of U.S. Attorney received from U.S. Postal Service | .10 |
| 3/14/11 | Attorney receipt and review of signed service of U.S. Attorney General received from U.S. Postal Service | .10 |

The Court therefore will deduct .30 hours from the attorney hours.

Plaintiff's counsel seeks payment for 17 hours spent reviewing the 502 page transcript, reviewing the file, drafting a summary of the medical evidence and testimony for the brief,

-4-

researching legal issues for the brief, drafting argument and remainder of Plaintiff's brief, and editing and amending the brief and completing if for submission. Plaintiff's counsel is an experienced social security attorney, and reviewing the 502 page transcript and preparing the appeal brief should not have taken him more than 14 hours. Accordingly, the amount of 3 hours will be deducted.

In his response, Defendant asks the Court to designate Plaintiff as payee of the EAJA award, and not Plaintiff's counsel. Based upon the holding in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

Based upon the foregoing, the Court finds that Plaintiff 's counsel should be awarded an attorney's fee under the EAJA for: 18.6 attorney hours in 2011, 2012, and 2013 (47.40 hours less 28.8 hours) at an hourly rate of $174.00, and for 4.7 paralegal hours in 2011, 2012, and 2013 ( 5.7 hours less 1 hour) at an hourly rate of $75.00, for a total attorney's fee award of $3,588.90. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

DATED this 14th day of August, 2013.

/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)